IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

CHRISTY BAILEY, as Personal Representative
of the Estate of Jeffrey Peterson,
Plaintiff-Appellee,

v.

MARCUS BEALE
Defendant-Appellant.

On Direct Appeal from the Eastern District of Oklahoma
Case No. 6:20-CV-00327-JAR
Honorable Jason A. Robertson, Presiding

## APPELLEE'S BRIEF

Jarrett Adams, NYB No. 5455712
Law Offices of Jarrett Adams, PLLC
40 Fulton St., Floor 28
New York, NY 10038
(646) 880-9707 Telephone
*Attorney for Plaintiff-Appellee*

Jack Mattingly Jr., OBA No. 16136
MATTINGLY LAW FIRM, PLLC
P.O. Box 70
Seminole, OK 74818-0070
(405) 382-3333 Telephone
(405) 382-6303 Facsimile
*Attorney for Plaintiff-Appellee*

Appellee does not request oral argument

# TABLE OF CONTENTS

TABLE OF CONTENTS........................................................................i

TABLE OF AUTHORITIES ...............................................................ii

JURISDICTIONAL STATEMENT ....................................................1

STATEMENT OF THE ISSUES..........................................................3

STATEMENT OF THE CASE..............................................................4

SUMMARY OF THE ARGUMENT ....................................................4

STANDARD OF REVIEW ..................................................................5

ARGUMENT .......................................................................................6

  I.    The District Court Did Not Make Any Internally Inconsistent
       Findings of Fact ......................................................................6

  II.   The District Court Did Not Misapply Any Findings of Fact ......8

  III.  The District Court Was Not Required to Consider the Clearly
       Established Element of Qualified Immunity .................................9

  IV.  The District Court Appropriately Stated That the Jury Should Decide
       Whether Beale's Unlawful Entry Cause Peterson's Death .........12

CONCLUSION ...................................................................................16

CERTIFICATE OF COMPLIANCE....................................................17

CERTIFICATE OF SERVICE ............................................................18

# TABLE OF AUTHORITIES

CASES:

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)................................ 14

*Bannister v. Town of Noble, Okl.*, 812 F.2d 1265, 1267
    (10th Cir. 1987) ................................................ 14

*Bodine v. Warwick*, 72 F.3d 393 (3rd Cir. 1995)................................ 15

*Brower v. Cnty. of Inyo*, 489 U.S. 593 (1989) ...................................... 15

*Clark v. Edmunds*, 513 F.3d 1219 (10th Cir. 2008) ........................ 9, 12

*Cox v. Glanz*, 800 F.3d 1231 (10th Cir. 2015)................................ 9, 11

*Jackson v. Besecker*, 700 Fed.Appx. 792, 793
    (10th Cir. July 5, 2017) (unpublished) ................................ 1, 3, 5

*James v. Chavez*, 511 Fed.Appx. 742
    (10th Cir. Feb. 19, 2013) (unpublished) .................................... 15

*Kerns v. Bader*, 663 F.3d 1173 (10th Cir. 2011) ............................ 9, 11

*Kilgore v. Stroud*, 158 Fed.Appx. 944 (10th Cir. 2005)
    (unpublished) ............................................................ 8

*Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721
    (10th Cir. 1993) .................................................. 9, 10, 12, 13

*McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999
    (10th Cir. 2002) .................................................. 9, 10, 12, 13

*McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010).................................... 6

*Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ................................ 1, 3, 5

*Patterson v. Jefferson County Combined Court*, 764 Fed.Appx. 670, 673
    (10th Cir. Feb. 22, 2019) (unpublished) ...................................... 6

*Pearson v. Callahan*, 555 U.S. 223, 236 (2009)............................................... 10, 11

*Saucier v. Katz*, 533 U.S. 194 (2001) ................................................................ 9, 10

*Stewart v. Oklahoma*, 292 F.3d 1257, 1259 (10th Cir. 2002) ........................... 1, 6

*Strube v. State*, 739 P.2d 1013, 1017 (Okl.Cr.1987) ........................................... 16

*Trask v. Franco*, 446 F.3d 1036, 1047 (10th Cir. 2006)................................ 14, 16

*Valdez v. Motyka*, 804 Fed.Appx. 991, 994-95
    (10th Cir. Mar. 20, 2020) (unpublished) ................................................ 2, 3, 5

STATUTES:

28 U.S.C. § 1291 ...................................................................................................... 1

21 O.S. § 1289.25(D) ............................................................................................. 15

There are no prior or related appeals

**Jurisdictional Statement**

Plaintiff-Appellee Christy Bailey ("Bailey") does not dispute that the United States District Court for the Eastern District of Oklahoma has subject matter jurisdiction over this case. Nor does Bailey disagree that Defendant-Appellant Marcus Beale ("Beale") timely appealed from the district court's denial of his summary judgment motion. This Court, however, does not have jurisdiction over Beale's appeal for the reasons set forth below and therefore should dismiss it.

The district court's decision denying Beale's motion for summary judgment is not a final order. *See Stewart v. Oklahoma*, 292 F.3d 1257, 1259 (10th Cir. 2002) (recognizing that "[a] denial of summary judgment is not a final order within the meaning of [28 U.S.C.] § 1291."). In general, this Court only reviews final orders of district courts. *Jackson v. Besecker*, 700 Fed.Appx. 792, 793 (10th Cir. July 5, 2017) (unpublished). Accordingly, this Court generally does not review an order like the district court decision denying Beale's summary judgment motion. *See id.*

There is an exception where this Court reviews non-final orders where the district court denied qualified immunity, but only if the denial "turns on an issue of law.'" *Jackson*, 700 Fed.Appx. at 793 (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985)). By contrast, this Court does not have interlocutory jurisdiction to review a district court's decision denying summary judgment on a defense of qualified immunity when the decision finds disputes of material fact. *Id. See also*

*Valdez v. Motyka*, 804 Fed.Appx. 991, 994-95 (10th Cir. Mar. 20, 2020) (unpublished) (acknowledging that this Court lacks jurisdiction to review a district court's conclusion that issues of material fact preclude summary judgment on qualified immunity).

Consistent with the precedent set forth above, Bailey asks this Court to dismiss Beale's appeal for lack of jurisdiction. Beale moved for summary judgment on Bailey's Fourth Amendment unlawful entry claim, arguing that he had probable cause and/or consent to enter the apartment of Jeffrey Peterson ("Peterson"). App. 55-61. The district court denied Beale's motion, finding significant disputes of material fact pertaining to whether Beale had probable cause and/or consent to enter Peterson's apartment. App. 299-301. Importantly, Beale did not raise any arguments in his summary judgment motion pertaining to the clearly established element of qualified immunity for Bailey's Fourth Amendment unlawful entry claim. App. 55-61. Instead, Beale only made the arguments that he had consent and probable cause to enter Peterson's apartment. *Id.* The district court appropriately rejected Beale's arguments, finding that there were disputes of material fact which precluded summary judgment on the unlawful entry claim – including on the defense of qualified immunity. App. 299-301.

Because the district court's summary judgment decision on whether Beale has qualified immunity for Bailey's Fourth Amendment unlawful entry claim relied

upon disputes of material fact rather than turning on issues of law, this Court does not have jurisdiction to review the district court's decision. *See Mitchell*, 472 U.S. at 530; *Jackson*, 700 Fed.Appx. at 793; *Valdez*, 804 Fed.Appx. at 994-95. As a result, this Court should dismiss Beale's appeal. *See id.*

## Statement of the Issues

Beale's opening brief suggests four issues for this Court's review. Document 61 at pp.2-3. The alleged issues are: (1) whether the district court committed plain error regarding allegedly inconsistent factual findings; (2) whether the district court committed plain error with respect to a factual finding for the probable cause determination; (3) whether the district court committed clear error by not analyzing the clearly established element of qualified immunity; and (4) whether the district court committed clear error on the issue of probable cause. *Id.*

None of Beale's claimed issues are properly before this Court for review. As explained above, there is no issue on appeal for this Court's review because the district court denied Beale's claim to qualified immunity due to disputes of material fact. *See Mitchell*, 472 U.S. at 530; *Jackson*, 700 Fed.Appx. at 793; *Valdez*, 804 Fed.Appx. at 994-95. This Court therefore lacks jurisdiction over this appeal and should decline to address Beale's alleged issues. *See id.*

## Statement of the Case

Bailey submits that the relevant facts and procedural history for this appeal are set forth in the district court's Opinion and Order denying Beale's motion for summary judgment on Bailey's Fourth Amendment unlawful entry claim. App. 277-310.

## Summary of the Argument

This Court lacks jurisdiction over this appeal and Beale's supposed four issues are not properly before this Court. Nevertheless, and without waiving the jurisdictional defect, Bailey will address the substance of Beale's arguments.

First, Beale's argument that the district court made an inconsistent factual finding about Peterson hitting the door of his apartment, the door then hitting witness Megan Timmons ("Timmons"), and then Timmons hitting Beale relies upon a mischaracterization. The district court was not making a factual finding as claimed by Beale, but instead was setting forth Timmons' version of events. Moreover, Beale's initial brief has not identified any alleged inconsistent finding of fact by the district court.

Second, Beale's argument about the district court supposedly misapplying facts also relies upon Timmons' version of events rather than a finding of fact by the district court. In addition, Beale's argument about Peterson hitting the door of

his apartment, the door then hitting Timmons, and then Timmons hitting Beale is a new argument on appeal that this Court need not consider.

Third, the district court was not required to consider the clearly established element of qualified immunity as Beale claims. For starters, Beale again is making an argument for the first time on appeal. Furthermore, Beale's argument relies upon an incorrect legal standard for deciding qualified immunity claims.

Fourth, the district court correctly determined that the question of whether Beale's unlawful entry caused Peterson's death was for the jury. Beale's proximate cause argument on appeal is another argument that he failed to make to the district court. Regardless, the district court's conclusion that the jury should decide the issue of proximate cause is correct under Tenth Circuit law.

## Standard of Review

In his brief, Beale asserts that the *de novo* standard of review applies to the district court's denial of his summary judgment motion on the grounds of qualified immunity. Document 61 at pp.11-12. The problem with Beale's assertion is that, as set forth above, the district court's denial of summary judgment to Beale on qualified immunity was because of disputed material facts. As a result, the district court's denial of summary judgment to Beale should not be before this Court under any standard of review. *See Mitchell*, 472 U.S. at 530; *Jackson*, 700 Fed.Appx. at 793; *Valdez*, 804 Fed.Appx. at 994-95.

Strikingly, Beale's opening brief does not identify the standards of review on summary judgment for any of the four issues he claims are on appeal. Document 61 at pp.11-12. This omission is likely explainable by the fact that Beale's four proposed issues are not properly before this Court on the district court's non-final order denying his summary judgment motion. *See Stewart*, 292 F.3d at 1259. Beale's failure to identify the applicable standards of review for his arguments and to explain the standards' application should result in waiver of Beale's arguments on all four issues. *See McKissick v. Yuen*, 618 F.3d 1177, 1189 (10th Cir. 2010) (holding that the failure to identify the standard of review for an argument and to defend that standard's application resulted in waiver of the argument).

In addition to rejecting Beale's arguments that he did not make to the district court, this Court should not consider any arguments presented for the first time in Beale's reply brief. Any arguments not made in Beale's initial brief are waived. *See Patterson v. Jefferson County Combined Court*, 764 Fed.Appx. 670, 673 (10th Cir. Feb. 22, 2019) (unpublished) (recognizing that arguments not made in an opening brief are considered waived).

## Argument

### I. The District Court Did Not Make Any Internally Inconsistent Findings of Fact.

Beale argues that the district court made a supposedly inconsistent factual finding about Peterson hitting the door of his apartment, the door then hitting

Timmons, and then Timmons hitting Beale. According to Beale, this factual finding requires reversal of the district court's summary judgment decision with instructions to find that Beale had probable cause to enter Peterson's apartment. Document 61 at pp.13-17. There are two reasons why Beale's argument should fail.

First, the statement to which Beale refers about Peterson hitting the door of his apartment, the door then hitting Timmons, and then Timmons hitting Beale was not a factual finding by the district court. Instead, the district court was recounting Timmons' version of events: "Timmons testified that when she attempted to go through the door, Peterson hit the door, the door hit Timmons and Timmons hit Officer Beale." App. 299 (citing Timmons Deposition at p.49:5-9). Beale cited this quote in his opening brief with bolded emphasis, but neglected to include the preface "Timmons testified . . .." Document 61 at 15. Beale's arguments about an allegedly inconsistent finding of fact by the district court are based upon an incorrect premise and therefore should be denied.

Second, Beale never identifies the district court's allegedly inconsistent factual findings. Document 61 at pp.13-17. Instead, Beale turns Timmons' claim about Peterson hitting the door of his apartment, the door then hitting Timmons, and then Timmons hitting Beale into a finding of fact by the district court which shows that he had probable cause and/or arguable probable cause to enter Peterson's apartment. *Id*. at 15-17. Again, Beale mischaracterizes the district

court's decision. The pertinent part of the district court's Opinion and Order is as follows:

> As previously stated, the primary bases for a warrantless entry into Peterson's apartment was the alleged assault upon Officer Beale by slamming his arm in the door and Peterson's flee into the apartment. A significant, material factual dispute precludes summary judgment on this claim, including the defense of qualified immunity.

App. 299-300. Beale's opening brief did not address the district court's correct determination that there is a dispute of fact as to whether Peterson slammed Beale's arm in the apartment door and then fled into the apartment. Thus, Beale presents no reason to reverse district court's denial of summary judgment on Bailey's Fourth Amendment unlawful entry claim.

## II.     The District Court Did Not Misapply Any Findings of Fact.

Compounding his errors, Beale argues that the district court should have applied *Kilgore v. Stroud*, 158 Fed.Appx. 944 (10th Cir. 2005) (unpublished) to determine that Beale had probable cause to enter Peterson's apartment because of the district court's factual finding that Peterson hit the door, the door then hit Timmons, and then Timmons hit Beale. Document 61 at pp.17-20. As discussed in detail above, Beale's purported factual finding by the district court is instead Timmons' version of the events. Because Beale's argument is based upon a district court factual finding that does exist, the Court should reject it.

Moreover, Beale also tries to avoid the fact his arguments about Peterson hitting the door of his apartment, the door then hitting Timmons, and then Timmons hitting Beale are new arguments on appeal. Document 61 at 18-19. Unless there are extraordinary circumstances, this Court will not consider arguments made for the first time on appeal. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002). This rule applies where the appellant seeks to raise a completely new issue or a new theory in the same category as an argument presented to the district court. *Id. See also Lyons v. Jefferson Bank & Trust*, 994 F.2d 716, 721 (10th Cir. 1993) (recognizing that this Court consistently refuses to hear new issues or new arguments on appeal). Notably lacking from Beale's opening brief is any explanation of why he did not make his arguments to the district court – much less anything amounting to extraordinary circumstances. Document 61 at 18-19. Accordingly, this Court should not consider any of Beale's arguments pertaining to Peterson hitting the door of his apartment, the door then hitting Timmons, and then Timmons hitting Beale. *See McDonald*, 287 F.3d at 999; *Lyons*, 994 F.2d at 721.

### III. The District Court Was Not Required to Consider the Clearly Established Element of Qualified Immunity.

Relying upon the decisions in *Saucier v. Katz*, 533 U.S. 194 (2001); *Cox v. Glanz*, 800 F.3d 1231 (10th Cir. 2015); *Kerns v. Bader*, 663 F.3d 1173 (10th Cir. 2011); and *Clark v. Edmunds*, 513 F.3d 1219 (10th Cir. 2008), Beale argues that the

district court was required to address whether the unlawful entry into the apartment violated Peterson's clearly established rights. Document 61 at pp.20-25. Beale's argument is contrary to law.

To begin with, Beale again is making a new argument on appeal. On summary judgment, Beale did not raise any arguments to the district court about clearly established rights for the unlawful entry claim in either his initial brief (App. 55-61) or his reply brief (App. 210-17). And there are no extraordinary circumstances to excuse Beale's failure to make any such arguments. This Court therefore should not address any of Beale's arguments about the clearly established element raised for this first time in this appeal. *See McDonald*, 287 F.3d at 999; *Lyons*, 994 F.2d at 721. Even if this Court considers Beale's arguments about the clearly established part of qualified immunity, this Court should dismiss the arguments as conflicting with controlling precedent as explained below.

In *Saucier,* the Supreme Court stated that there were two steps for resolving a claim to qualified immunity. The first step is determine whether there was a constitutional rights violation. *Saucier*, 533 U.S. at 200. If there is a constitutional rights violation, the second step is to decide whether the constitutional right at issue was clearly established. *Id.* The Supreme Court, however, has since abandoned any requirement for a two-step process, holding that it is up to the court to decide which part of the qualified immunity analysis to address first. *Pearson v.*

*Callahan*, 555 U.S. 223, 236 (2009). Critically, there is nothing in *Pearson* requiring both steps to be completed to decide a qualified immunity claim. 555 U.S. at 231-44. As a result, the district court was not mandated to address the clearly established element of Beale's qualified immunity claim. *See id.*

This Court's decision in *Cox* also does not support Beale's argument. In *Cox*, this Court reviewed the legal issues pertaining to qualified immunity even though district court decided the issue on disputes of material fact – only because the defendant had accepted the plaintiff's version of the facts. 800 F.3d at 1243-44. In this case, Beale has not accepted Bailey's version of the facts for the purpose of his summary judgment motion on the unlawful entry claim. At the district court, Beale relied upon his version of the facts to argue that he had probable cause and/or consent to enter Peterson's apartment. App. 56-61. And now on appeal, Beale is doing the same thing by presenting his version of the facts to argue that he had probable cause to enter the apartment based upon an alleged assault by Peterson. Document 61 at pp.20-25. This Court therefore should decline to address whether Beale violated Peterson's clearly established rights because Beale has not accepted Bailey's version of the facts. *See Cox*, 800 F.3d at 1243-44.

There is a fundamental problem with Beale's reliance upon *Kerns.* In *Kerns*, this Court relied upon the fact that the parties raised the clearly established element of qualified immunity to the district court on summary judgment. 663 F.3d at 1181.

By contrast, Beale did address the clearly established element of qualified immunity to the district court in his summary judgment motion. App. 55-61; App. 210-17. As explained above, this Court should not address Beale's clearly established argument raised for the first time on appeal. *See McDonald*, 287 F.3d at 999; *Lyons*, 994 F.2d at 721.

Lastly, the decision in *Clark* also does not support Beale's argument. In *Clark*, this Court affirmed the district court decision granting summary judgment on the plaintiff's due process claim because the plaintiff failed to show a genuine dispute of material fact. 513 F.3d at 1223. Here, the district court specifically found significant disputes of material fact as to whether Beale had probable cause and/or consent to enter Peterson's apartment. App. 299-301. The decision in *Clark* therefore does not apply to this case.

Thus, Beale has failed to present any legal support for his argument that the district court was required to address the clearly established element of his qualified immunity claim.

## IV. The District Court Appropriately Stated That the Jury Should Decide Whether Beale's Unlawful Entry Caused Peterson's Death.

Beale complains that the district court erroneously found that the question of whether his unlawful entry caused Peterson's death is for the jury to decide. Document 61 at pp.25-29. Going further, Beale asks this Court to find that his

conduct did not proximately cause Peterson's death. For the reasons set forth below, this Court should refuse Beale's request.

To begin with, Beale yet again is introducing a new argument on appeal. For his summary judgment motion, Beale presented two arguments pertaining to Bailey's Fourth Amendment unlawful entry claim: (1) he had consent to enter Peterson's apartment and (2) he had probable cause to enter Peterson's apartment. App. 55-61. By contrast, Beale did not make any arguments pertaining to the cause element of the unlawful entry claim. *Id.* And there are no extraordinary circumstances explaining Beale's failure to make such arguments. Thus, this Court need not address Beale's cause element arguments. *See McDonald*, 287 F.3d at 999; *Lyons*, 994 F.2d at 721.

Even if this Court overlooks Beale's failure argue the cause element to the district court, this Court should reject Beale's arguments. As will be explained below, Beale's arguments run contrary to both the facts and the law.

The essence of Beale's arguments is that Peterson's actions inside his apartment of resisting the unlawful entry were a superseding cause that precludes Beale from being the proximate cause of Peterson's death. Document 61 at pp.25-29. To make this argument, Beale ignores a key fact upon which a jury could rely to decide that Peterson's actions were foreseeable. Beale asserted on summary judgment that Peterson warned him that he would be treated as an intruder if he

entered Peterson's apartment. App. 49 at ¶ 26. The required construction in Bailey's favor from this fact is that Peterson's conduct inside the apartment of resisting Beale's unlawful entry was foreseeable because Peterson had told Beale that he would be treated as an intruder if he entered Peterson's apartment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (acknowledging that on summary judgment all facts and all inferences therefrom are construed in favor of the non-movant).

It is well-established that the question of proximate cause is generally one for the jury. *Bannister v. Town of Noble, Okl.*, 812 F.2d 1265, 1267 (10th Cir. 1987). In addition, the question of whether an intervening act was reasonably foreseeable and therefore not a superseding cause is for the jury whenever there is a reasonable difference of opinion. *Trask v. Franco*, 446 F.3d 1036, 1047 (10th Cir. 2006). In this case, the fact that Peterson stated that Beale would be treated as an intruder if he entered Peterson's apartment creates the basis for a reasonable difference of opinion as to whether Peterson's conduct inside his apartment was foreseeable. Accordingly, the district court's conclusion that the issue of whether Beale's unlawful entry into Peterson's apartment caused his death is for the jury is correct. *See Bannister*, 812 F.2d at 1267; *Trask*, 446 F.3d at 1047.

Furthermore, the three cases cited by Beale do not establish that he is entitled to summary judgment on the grounds of proximate cause. First, Beale cites

*James v. Chavez*, 511 Fed.Appx. 742 (10th Cir. Feb. 19, 2013) (unpublished). Document 61 at pp.27-28. In *James*, this Court concluded that a police officer shooting at but missing a subject was not a proximate cause of the subject's death because of a New Mexico law providing that a homeowner lacks the right to defend himself against a police officer. 511 Fed.Appx. at 743, 747. Second, Beale cites *Bodine v. Warwick*, 72 F.3d 393 (3rd Cir. 1995). Document 61 at p.28. In *Bodine*, the Third Circuit addressed an incident that occurred in Delaware and concluded that an unlawful entry jury instruction was incorrect because it rendered any subsequent use of force unlawful. 72 F.3d at 400. Third, Beale cites *Brower v. Cnty. of Inyo*, 489 U.S. 593 (1989). Document 61 at p.29. In *Brower*, the Supreme Court considered a California case to hold that a stop at a roadblock by police constitutes a seizure under the Fourth Amendment. 489 U.S. at 599.

None of Beale's cases change the fact that his unlawful entry into Peterson's apartment is a proximate cause of his death. The decision in *Bodine* is extra-jurisdictional and therefore cannot be controlling precedent. And the decisions in *James* and *Brower* arose in New Mexico and California. In contrast, the incident which is the subject of this case occurred in Oklahoma. The law in Oklahoma clearly gave Peterson the right to defend himself against an unlawful intruder like Beale. *See* 21 O.S. § 1289.25(D) (stating that a person who is attacked has the right to stand his or her ground and to meet force with force). Oklahoma law also

provided Peterson with the right to use self-defense against a police officer like Beale. *See Strube v. State*, 739 P.2d 1013, 1017 (Okl.Cr.1987) (recognizing that a person has the right to self-defense in response to a police officer's use of excessive force). Because Peterson had the right to defend himself against Beale's unlawful entry, and given that Peterson told Beale that he would exercise that right because Beale would be treated like an intruder, Peterson's actions inside the apartment were foreseeable. Peterson's actions therefore should not be considered a superseding cause relieving Beale's unlawful entry of liability for Peterson's death. *See Trask*, 446 F.3d at 1046-1047.

## Conclusion

For the reasons set forth above, Bailey respectfully requests that this Court dismiss Beale's appeal for lack of jurisdiction. In the alternative, Bailey respectfully requests that this Court affirm the district court's denial of summary judgment to Beale on Bailey's Fourth Amendment unlawful entry claim.

Respectfully submitted,

ATTORNEYS FOR PLAINTIFF/
APPELLANT

THE MATTINGLY LAW FIRM, PLLC

By: _s/Jack Mattingly Jr._
    Jack Mattingly Jr., OBA No. 16136
    P.O. Box 70
    Seminole, OK 74818-0070

(405) 382-3333 Telephone
(405) 382-6303 Facsimile
jackjr@mattinglyfirm.com

Jarrett Adams, NYS #5455712
Law Offices Of Jarrett Adams, PLLC
40 Fulton Street, Floor 28
New York, NY 10038
646-880-9707 Telephone
Email: jadams@jarrettadamslaw.com

## CERTIFICATE OF COMPLIANCE

1.     As required by Fed. R. App. P. 32(a)(7)(c), I hereby certify that this brief is proportionally spaced and contains 3,698 words.

2.     I hereby certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[X] this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

3.     I hereby certify that no privacy redactions have been made because none were required.

4.     I hereby certify that any hard copies required to be submitted to the clerk's office are exact copies of the ECF filing.

ATTORNEYS FOR PLAINTIFF/
APPELLANT

THE MATTINGLY LAW FIRM, PLLC

By: s/Jack Mattingly Jr.
     Jack Mattingly Jr., OBA No. 16136
     P.O. Box 70
     Seminole, OK 74818-0070
     (405) 382-3333 Telephone

(405) 382-6303 Facsimile
jackjr@mattinglyfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025 I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to the following:

Sean M. McKelvey, OBA #17098  Scott B. Wood, OBA No. 12536
smm@steidley-neal.com  2409 E. Skelly Drive, Suite 200
P.O. Box 1165  Tulsa, OK 74105
McAlester, OK 74502

By:  s/Jack Mattingly Jr.
     Jack Mattingly Jr.